IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TOMMY W. ANDERSON, #301664, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-413-RAH-SMD |
| | ) | [WO] |
| WALTER MYERS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on March 29, 2018, by Tommy W. Anderson, an Alabama inmate proceeding *pro se*. Doc. 1. Anderson challenges his 2015 Houston County convictions for two counts of sexual abuse of a child less than 12 years old and his consecutive 10-year sentences. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Anderson's petition be DENIED without an evidentiary hearing and that this case be DISMISSED WITH PREJUDICE.

I.    **BACKGROUND**

A.    **Criminal Conviction and Direct Appeal**

On September 2, 2015, a Houston County jury found Anderson guilty of two counts of sexual abuse of a child less than 12 years old, in violation of ALA. CODE § 13A-6-69.1. *See* Doc. 8-1 at 2. On October 5, 2015, the trial court imposed consecutive 10-year sentences for Anderson's crimes. *Id*.

Anderson appealed, arguing that the State failed to establish the crimes he was convicted of occurred in Houston County. Doc. 8-3. On February 5, 2016, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Anderson's convictions and sentence. Doc. 8-5. Anderson timely applied for rehearing, which was overruled on February 26, 2016. Docs. 8-6, 8-7. On March 14, 2016, Anderson filed a petition for writ of certiorari in the Alabama Supreme Court. On March 28, 2016, the Alabama Supreme Court ordered that Anderson's petition for writ of certiorari be stricken as untimely filed under Rule 39(c) of the Alabama Rules of Appellate Procedure. Doc. 8-8. On March 29, 2016, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. 8-9.

**B.    Anderson's Attempt to File a Second Direct Appeal**

On November 7, 2016, Anderson filed with the trial court what purported to be a notice of appeal from his convictions and sentence. Doc. 19-1. Anderson filed this request for a second direct appeal even though proceedings on his direct appeal concluded in March 2016. On November 14, 2016, the circuit court clerk forwarded Anderson's new "notice of appeal" to the Alabama Court of Criminal Appeals. Doc. 20-1. On December 2, 2016, the Alabama Court of Criminal Appeals entered an order staying the matter pending further order. Doc. 20-2. On March 6, 2017, the Alabama Court of Criminal Appeals entered an order dismissing Anderson's request for a second direct appeal, advising Anderson he had no right to a second direct appeal. Doc. 19-2.

C.      **Rule 32 Proceedings**

On June 19, 2017, Anderson filed a petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.[1] Anderson's Rule 32 petition presented claims that: (1) the trial court erred in receiving his statements to police into evidence because the State failed to first prove the corpus delicti of the crime with which he was charged; (2) because he is "nonfunctionally illiterate," unable to read and write, and unable to make a "considered judgment," he could not have voluntarily, knowingly, and intelligently waived his *Miranda* rights before giving those statements; and (3) he was denied effective assistance of counsel because his lawyer failed to inform the court that he was "nonfunctionally illiterate" and failed to object to the admission of his statements on that ground.[2]

On June 23, 2017, the trial court entered an order denying Anderson's Rule 32 petition.[3] Anderson appealed, and on December 8, 2017, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying Anderson's Rule 32 petition. Doc. 8-10. Anderson's application for rehearing was overruled on January 5, 2018.[4] On February 16, 2018, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. 8-11.

---

[1] Information available at the Alabama trial court website https://v2.alacourt.com/ reflects that Anderson's Rule 32 petition was docketed as filed in the trial court on June 23, 2017. Houston County Case CC-2015-81.60, CC-2015-82.60. However, Anderson represented that he mailed the petition on June 19, 2017. Under the prison mailbox rule, the petition is deemed to be filed on the earlier date. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).
[2] *See* Houston County Cases CC-2015-81.60, CC-2015-82.60.
[3] *Id*.
[4] *Id.*

###### D.    Federal Habeas Petition

Anderson initiated this habeas action in a § 2254 petition filed on March 29, 2018.[5]
Doc. 1. Anderson alleges as grounds for federal habeas relief that: (1) he was denied
effective assistance of counsel because (a) his counsel failed to inform the trial court that
he was "non-functionally illiterate," (b) he had no counsel "at the interrogation hearing,"
(c) his counsel failed to object to his videotaped statement being played in court, and (d)
his counsel did not object to his failure to be properly advised of his *Miranda* rights; (2)
the trial court improperly admitted his statement into evidence before the State proved the
corpus delicti; and (3) he did not voluntarily, knowingly, and intelligently waive his
*Miranda* rights. Doc. 1 at 6–11. Respondents argue that Anderson's petition is time-barred
under the one-year federal limitation period.[6] Doc. 8 at 4–7.

## II.    DISCUSSION

###### A.    AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a
one-year statute of limitations for filing a § 2254 petition. Title 28 U.S.C. § 2244(d) of
AEDPA states:

> (1)  A 1-year period of limitation shall apply to an application for a
> writ of habeas corpus by a person in custody pursuant to the judgment of a
> State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for
>> seeking such review;

---

[5] Anderson's § 2254 petition was stamped as received in this court on April 13, 2018. Doc. 1 at 1. Applying
the "prison mailbox rule," the court deems Anderson's petition to be filed on the date he represents that he
signed it, i.e., March 29, 2018. *Id.* at 16. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).
[6] Respondents also argue that Anderson's claims are procedurally barred. Doc. 8 at 7–9.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B.    Analysis of Timeliness

Under § 2244(d)(1)(A), a state prisoner's conviction is final at "the conclusion of direct review or the expiration of the time for seeking such review." *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006) (quoting § 2244(d)(1)(A)). Anderson's conviction was affirmed by the Alabama Court of Criminal Appeals in a memorandum opinion issued on February 5, 2016. Doc. 8-5. Anderson's application for rehearing was overruled by the Court of Criminal Appeals on February 26, 2016. Doc. 8-7. On March 14, 2016, Anderson filed a petition for writ of certiorari in the Alabama Supreme Court. *See* Doc. 8-8. Under Alabama law, "[t]he petition for the writ of certiorari shall be filed with the clerk of the Supreme Court pursuant to Rule 25(a), within 14 days (2 weeks) of the decision of the Court of Criminal Appeals on the application for rehearing[.]" Ala. R. App. P. 39(c)(2).

Because Anderson's petition for writ of certiorari was filed over 14 days after the Court of Criminal Appeals overruled his application for rehearing, the Alabama Supreme Court ordered that the petition be stricken as untimely under Rule 39(c). Doc. 8-8. On March 29, 2016, the Alabama Court of Criminal Appeals issued the certificate of judgment. Doc. 8-9. Because the Alabama Supreme Court struck Anderson's petition for writ of certiorari as untimely, Anderson had no judgment from the state court of last resort (i.e., the Alabama Supreme Court) from which to seek certiorari review in the United States Supreme Court. Thus, his conviction became final on direct review on March 29, 2016, when the Alabama Court of Criminal Appeals issued the certificate of judgment. The one-year limitation period in § 2244(d)(1)(A) of AEDPA began to run on that date. *See McCormick v. Gordy*, 2018 WL 3639857, at *3 (M.D. Ala. Jul. 17, 2018).[7] Absent statutory or equitable tolling, Anderson had until March 29, 2017, to file his § 2254 petition.

---

[7] In *McCormick*, in circumstances similar to those in Anderson's case, the court stated:

When a petitioner—as McCormick does here—appeals to an intermediate appellate court and seeks rehearing, but does not properly file a petition seeking review in the state's highest court, AEDPA's limitation period begins to run on the date of the intermediate appellate court's certificate of judgment, with no allowance for seeking certiorari review in the United States Supreme Court. A habeas petitioner under these circumstances is not entitled to the benefit of the 90-day period within which he might have sought certiorari review in the United States Supreme Court, had he first sought review of his conviction in the state's highest court. *See Pugh v. Smith*, 465 F.3d 1295, 1299–300 (11th Cir. 2006); *Jones v. Albright*, 2010 WL 1929765, at *7 n.8 (S.D. Ala. 2010), report and recommendation adopted, 2010 WL 1929763 (S.D. Ala. 2010).

Here after the Alabama Court of Criminal Appeals affirmed McCormick's conviction and sentence by its February 8, 2013 memorandum opinion, it overruled McCormick's application for rehearing on March 1, 2013. Under Rule 39(c)(2) of the Alabama Rules of Appellate Procedure, McCormick had 14 days within which to file a petition for writ of certiorari in the Alabama Supreme Court. See Ala. R. App. P. 39(c)(2). Because McCormick filed no petition in that time, the Alabama Court of Criminal Appeals entered a certificate of judgment on March 20, 2013. Although McCormick filed a petition

6

### 1.    Statutory Tolling

The one-year limitations period is tolled while a "properly filed" state post-conviction petition is pending. 28 U.S.C. § 2244(d)(2). Anderson, however, does not get the benefit of this tolling provision based on the filing of his Alabama Rule 32 petition, because on June 19, 2017, when he filed the Rule 32 petition, the federal limitation had already expired, having run unabated from March 29, 2016, to March 29, 2017. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *E.g., Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitation has expired, it does not toll the statute because no time remains to be tolled).

Anderson's attempt to obtain a second direct appeal through a *pro se* notice of appeal dated November 7, 2016, does not constitute a "properly filed" state post-conviction petition entitling him to the benefit of tolling under § 2244(d)(2). Through that "notice of appeal," Anderson was seeking a second direct appeal in the Alabama Court of Criminal Appeals. He was not seeking collateral review, and the "notice of appeal" cannot be

---

for writ of certiorari in the Alabama Supreme Court on March 20, 2013, that petition was untimely under Ala. R. App. P. 39(c)(2), and it was dismissed on that basis. With no timely filed petition for certiorari review in Alabama's highest appellate court, McCormick's conviction became final for federal habeas purposes on March 20, 2013, the date on which the Alabama Court of Criminal Appeals entered a certificate of judgment in the direct review proceedings. Under § 2244(d)(1)(A), AEDPA's one-year limitation period commenced on that date.

*McCormick*, 2018 WL 3639857, at *3.

deemed a properly filed application for post-conviction relief where it was not, and could not be, construed as an Alabama Rule 32 petition or any other proper vehicle for post-conviction relief under Alabama law.

The provisions of 28 U.S.C. §§ 2244(d)(1)(B)–(D) provide no safe harbor for Anderson by affording a different triggering date so that AEDPA's limitation period commenced on some date later than March 29, 2016, or expired on some date later than March 29, 2017. There is no evidence that an unlawful state action impeded Anderson from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Anderson submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Anderson also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

The controlling limitation period for Anderson's § 2254 petition is the one set forth in 28 U.S.C. § 2244(d)(1)(A). Under that provision, AEDPA's limitation period expired on March 29, 2017. Anderson filed his § 2254 petition on March 29, 2018—a full year after AEDPA's limitation period expired.

## 2.    Equitable Tolling

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). "The petitioner bears the burden of showing that equitable tolling is warranted." *Id.*

Anderson argues he is entitled to equitable tolling for the period from his filing of a "notice of appeal" on November 7, 2016, through the Alabama Court of Criminal Appeals' March 6, 2017 dismissal of his attempt to obtain the second direct appeal. Doc. 1 at 6. In making this argument, Anderson seeks to benefit from circumstances he brought about himself by filing the November 7, 2016 "notice of appeal" when he knew that proceedings on his direct appeal had concluded in March 2016. Doc. 19-1. In his "notice of appeal," Anderson indicated that he wanted a second direct appeal because he believed his counsel on direct appeal had rendered ineffective assistance. *Id.* However, when filing the November 7, 2016 "notice of appeal," Anderson could not reasonably have believed he would be allowed to pursue a second direct appeal, and any subjective belief he had was mistaken. Anderson's creation of the circumstances that ultimately resulted in the Alabama Court of Criminal Appeals' March 6, 2017 dismissal of his attempt to obtain the second direct appeal does not constitute extraordinary circumstances beyond his control. *See, e.g.*,

9

*Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) ("We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."); *Malcom v. Payne*, 281 F.3d 951, 963 (9th Cir. 2002) ("With 20/20 hindsight, the decision [to seek other collateral relief first] may have been unfortunate, but it was not beyond [petitioner's] control."); *Felder v. Johnson*, 204 F.3d 168, 171–73 (5th Cir. 2000) (holding that ignorance of the law is insufficient rationale for equitable tolling); *Stokes v. United States*, 2014 WL 5198746, at *4 (M.D. Ala. Oct. 14, 2014) ("Because equitable tolling is reserved for those rare instances where "circumstances eternal to the party's own conduct" caused a late filing, . . . equitable tolling is not appropriate when a petitioner's own conduct, rather than 'external forces,' accounts for failing to file a timely habeas claim.").

Nor does Anderson show he acted with reasonable diligence in filing his § 2254 petition. He could have filed a timely § 2254 petition at any time during the one-year period after his direct-review proceedings became final on March 29, 2016. Or he could have filed an Alabama Rule 32 petition during the same period of time, which would have tolled AEDPA's limitation period under 28 U.S.C. § 2244(d)(2). Although the Alabama Court of Criminal Appeals stayed a ruling on Anderson's "notice of appeal" between December 2, 2016 and March 6, 2017, Anderson did not have a valid appeal pending during that period of time, and thus, he would not have been prevented from filing a Rule 32 petition in the trial court, or a § 2254 petition in this court, pending the Court of Criminal Appeals' March 6, 2017 order dismissing his request for a second direct appeal.

10

Failing to demonstrate that his untimely filing of his § 2254 petition is due to extraordinary circumstances beyond his control and that he acted with reasonable diligence in filing his § 2254 petition, Anderson has not met his burden of showing that equitable tolling is warranted in his case. Therefore, his petition is time-barred by AEDPA's statute of limitations. 28 U.S.C. § 2244(d)(1)(A).

Even if the court accepted Anderson's argument that he is entitled to equitable tolling for the period from his filing of his defective second "notice of appeal" on November 7, 2016, to the Alabama Court of Criminal Appeals' March 6, 2017 dismissal of his improper attempt to obtain a second direct appeal, Anderson's § 2254 petition was still filed after expiration of AEDPA's statute of limitations. When Anderson filed his November 7, 2016 "notice of appeal," 223 days had already run on the federal clock— from March 29, 2016 to November 7, 2016. Assuming the federal clock was equitably tolled from November 7, 2016, to March 6, 2017, AEDPA's statute of limitations began to run again on March 6, 2017, and it ran for another 105 days until Anderson filed his Rule 32 petition on June 19, 2017, on which date (under this scenario) AEDPA's statute of limitations would have been tolled under 28 U.S.C. § 2244(d)(2). The statutory tolling under this scenario would have lasted until February 16, 2018, when the Alabama Court of Criminal Appeals issued a certificate of judgment in the Rule 32 proceedings. On that date, AEDPA's statute of limitations began to run again, and it ran for another 41 days, until March 29, 2018, when Anderson filed his § 2254 petition with this court. Thus, even under this lenient scenario, when Anderson filed his § 2254 petition, AEDPA's statute of limitations had run for a total of 369 days (223 + 105 + 41). Consequently, even if equitable

tolling were to be applied in the manner argued by Anderson (and, as stated above, the court finds equitable tolling is not warranted), Anderson's § 2254 petition would still be time-barred by AEDPA's one-year statute of limitations.[8]

### 3.    Actual Innocence

The AEDPA's statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Anderson does not assert actual innocence as a gateway to review of the claims in his time-barred § 2254 petition, and he points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence. Because the actual-innocence exception does not apply here, the claims in Anderson's time-barred § 2254 petition are not subject to federal habeas review.

---

[8] The court notes that Anderson has a weak argument for applying equitable tolling for the full period from his filing of his "notice of appeal" on November 7, 2016, to the Alabama Court of Criminal Appeals' March 6, 2017 dismissal of his attempt to obtain a second direct appeal. At most, any equitable tolling should arguably run only from December 2, 2016—when the Alabama Court of Criminal Appeals entered an order staying the "second appeal" matter pending further order from the court—to the Court of Criminal Appeals' March 6, 2017 order of dismissal. Under this scenario, there would be 25 days fewer subject to equitable tolling than under the scenario argued by Anderson, and AEDPA's statute of limitations would have run for a total of 394 days by the time Anderson filed his § 2254 petition.

### III.    CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Anderson's § 2254 petition (Doc. 1) be DENIED without an evidentiary hearing and that this case be DISMISSED WITH PREJUDICE.

It is ORDERED that the parties shall file any objections to this Recommendation on or before **June 10, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 27th day of May, 2021.


Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE

13